Merrimack, Oct. 4, 1901.

## AYER *v.* GOSS.

An extent against a delinquent collector by a town treasurer is an execution writ in the nature of final process, is to be strictly construed, and is void if issued for a greater amount than is due, or if not preceded by the demand for uncollected taxes expressly required by the warrant.

TRESPASS and CASE, for false imprisonment. Trial by jury, and verdict for the plaintiff. Transferred from the April term, 1901, of the superior court by *Peaslee,* J.

The plaintiff was tax collector for the town of Epsom for the year 1895. In his warrant he was required to collect the taxes " and to pay the same to the treasurer of said Epsom on demand," and also " to pay the said treasurer, on the first Saturday of every month, all money collected by you up to that time and not before paid to him."

In February, 1898, about $50 unpaid taxes remained on the plaintiff's list and $6.64 accrued interest; and $50 of the plaintiff's agreed compensation as collector was also unpaid. After this time no exhibit of the plaintiff's tax list and warrant was made by him to the town treasurer, except on February 15, 1899. On that day two of the selectmen made a few small abatements, the plaintiff paid the town treasurer in their presence enough money with the abatements to cover the back interest, leaving $50 of taxes still in arrears; and the plaintiff, the treasurer, and the two selectmen then verbally agreed that the balance of the taxes should be treated as taken by the plaintiff in payment of his bill as collector. All four then understood that the accounts or claims of the plaintiff and the town against each other were thus fully settled; and the plaintiff has since retained possession of his tax list and warrant, and has collected about $30 of the aforesaid unpaid taxes up to April 5, 1900.

In March, 1900, the defendant was elected town treasurer of Epsom and issued an extent against the plaintiff for $50 of unpaid taxes of 1895. Upon this process the plaintiff was arrested, and he paid the amount called for to avoid imprisonment in jail. No demand was ever made on him, unless the extent itself can be so considered.

The defendant seasonably moved for a nonsuit and that a verdict be directed for him, and duly excepted to the denial of the motions.

*Martin & Howe*, for the plaintiff.

*Edward A. Lane*, for the defendant.

BLODGETT, C. J. No answer to the plaintiff's suit appears. The principal ground of the defendant's contention is that the settlement of February 15, 1899, was made without authority and had no legal effect as against the town. But whether this contention is valid or otherwise, the defendant's justification under the extent fails.

An extent for taxes against a delinquent collector by a town treasurer is an execution writ in the nature of final process, is to be strictly construed, and if issued for a greater amount than is due, it is void. P. S., c. 66, s. 1; *Kimball* v. *Russell*, 56 N. H. 488, 493, 494. It can only be issued when the collector neglects to pay the tax committed to him to the treasurer, " or other person to whom the same is payable, within the time limited in his warrant, which shall not be less than three months from the delivery of the warrant, except in cases where a shorter time is limited by law." P. S., c. 66, s. 4. As to uncollected taxes, the law fixes no time at which default and liability on the part of the collector shall be deemed to occur, and this must consequently be governed by the time prescribed in the collector's warrant, provided that it be not less than three months from its delivery; but as to collected taxes, the law does limit the time by requiring the collector to pay to the town treasurer, on the first Saturday of every month, all money collected by him up to that time. P. S., c. 43, s. 28.

Such being the law, there can be no legal justification of the defendant's act in issuing the extent under the cicumstances detailed in the case; for if there was any liability of the plaintiff to the town after the settlement of February 15, the extent was invalid as to collected taxes because it was for too large a sum, and as to uncollected taxes it was invalid for the same reason, and because it was not preceded by the demand expressly required by the warrant itself.

*Exceptions overruled.*

All concurred.